**U.S. Department of Labor**

Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, California 94103



Joseph M. Lake
Trial Attorney
(415) 625-7758

January 26, 2010

Chief Judge, John M. Vittone
Office of Administrative Law Judges
United States Department of Labor
800 "K" Street N.W., Suite 400 North
Washington DC  20001-8002

    Re:    Wage and Hour Division v. Hong Kong Entertainment, Ltd., et al.

Dear Judge Vittone:

Enclosed with this letter please find an original and two (2) copies of the Order of Reference to be filed in the above-entitled matter. Please file the original and return a conformed copy in the self-addressed, stamped enclosed for your convenience.

Sincerely,

LAWRENCE BREWSTER
Regional Solicitor

JOSEPH M. LAKE
Trial Attorney

*[signature: Stephanie Stacey]*
STEPHANIE STACEY
Legal Assistant

Enclosures:  As stated.

LAWRENCE BREWSTER
Regional Solicitor
DAVID M. KAHN
Counsel for Employment Standards
JOSEPH M. LAKE
Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone (415) 625-7758
Facsimile (415) 625-7772

Attorneys for Plaintiff

# UNITED STATES DEPARTMENT OF LABOR
# OFFICE OF ADMINISTRATIVE LAW JUDGES

| | |
|---|---|
| Administrator, Wage and Hour Division, United States Department of Labor, <br><br> Plaintiff, <br> v. <br><br> Hong Kong Entertainment (Overseas) Investments, Ltd., d/b/a Tinian Dynasty Hotel and Casino, and Raymond Chan, an individual, <br><br> Respondents. | Order of Reference <br><br> Case No. 2010-FLS-8 |

## TO THE CHIEF ADMINISTRATIVE LAW JUDGE
## UNITED STATES DEPARTMENT OF LABOR

By notice dated August 31, 2007, pursuant to section 16(e) of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. §§ 201 *et seq.*, hereinafter called the "Act"), and in accordance with 29 CFR Part 578, a civil money penalty in the amount of $191,400 was assessed against Respondents, Hong Kong Entertainment (Overseas) Investments, Ltd., doing business as

Tinian Dynasty Hotel and Casino, and Raymond Chan, an individual, as a result of the employment of 348 employees in violation of the overtime provisions of section 7 of the Act.

Respondents, within fifteen (15) days of receipt of that notice, timely filed an exception with the Wage and Hour Division to the determination that the violations for which the penalty was imposed occurred.

Therefore, this matter is submitted for a final determination of the violations for which the penalty was imposed, as provided in 29 CFR Part 580, and the appropriateness and reasonableness of the penalty, as provided by 29 CFR Part 578. This matter is hereby referred to you as Chief Administrative Law Judge for designation and hearing in accordance with the provisions of 29 CFR Parts 578 and 580.

Attached hereto, pursuant to 29 CFR Part 580.10, are the following:

(1) The notice of penalty determination, dated August 31, 2007, addressed to, and transmitted by certified mail to Respondents at:

> Tinian Dynasty Hotel and Casino
> P.O. Box 468
> Tinian, MP 96952

2

(2)   The exception to the determination, dated September 18, 2007, signed and filed by G. Anthony Long, counsel for Respondents.

Dated and signed this 25th day of January, 2010.

                                                DEBORAH GREENFIELD
                                                Acting Deputy Solicitor

                                                */s/ Lawrence Brewster*
                                                LAWRENCE BREWSTER
                                                Regional Solicitor

                                                Attorneys for Plaintiff, the Administrator of the Wage and Hour Division, United States Department of Labor

3

# Notice of Penalty Determination

Dated August 31, 2007

2 pages

AR 00005

U. S. Department of Labor        Employment Standards Administration
                                 Wage & Hour Division
                                 300 Ala Moana Boulevard
                                 Room 7-225
                                 Honolulu HI   96850
                                 Tel. (808) 541-1360
                                 Fax (808) 541-2956



August 31, 2007

Certified Mail Receipt Number: 7002 0860 0007 4380 6830

Raymond Chan, Financial Controller
Tinian Dynasty Hotel and Casino
PO Box 468
Tinian, MP  96952

Subject: Assessment of civil money penalty for overtime pay violations against Hong Kong Ent. (Overseas) Invt. Ltd dba Tinian Dynasty Hotel and Casino and Raymond Chan, an individual

Case Number:  1479728

Dear Raymond Chan:

The recent investigation of your firm conducted by Investigator Hamilton under the Fair Labor Standards Act (FLSA) covered the period 03/16/2007 to 05/26/2007. The investigation disclosed that your employees are subject to the requirements of the FLSA.

The investigation disclosed violations of FLSA section 7 resulting from the failure to pay statutory overtime pay for hours worked in excess of 40 hours per week. These violations resulted in underpayments totaling $309,816.21 due to 348 employees.

Investigator Hamilton has advised me that you have agreed to comply fully with all the provisions of the FLSA in the future and that you have agreed to pay the above described back wages in full.

It has also been determined that violations of the overtime pay provisions of the Act were disclosed by an investigation conducted by this agency in 02/06/2001, after which you had given your assurance of full future compliance with all the provisions of the Act.

The violations disclosed in this investigation and your history of prior violations have resulted in the assessment of a civil money penalty pursuant to section 16(e) of the FLSA and Regulations Part 578.

The total civil money penalty assessed is $191,400.00. This amount is due and payable within 30 days to "Wage and Hour Division, U.S. Department of Labor." Payment by certified check or money order should be delivered or mailed to Western Regional Office, U.S. Dept. of Labor, Wage and Hour Div., 90 7th Street, Suite 13100, San Francisco, CA 94103-6710.

This debt is subject to the assessment of interest, administrative cost charges and penalties in accordance with the Debt Collection Improvement Act of 1995 and departmental policies. Interest will be assessed at the Treasury Tax and loan account rate on any principal that becomes delinquent. This rate is currently 4%. Administrative cost charges will be assessed to help defray the Government's cost of collecting this debt. A penalty at the rate of 6% will be assessed on any portion of the debt remaining delinquent for more than 90 days. In order to avoid these charges, forward payment to the Regional Office address listed above by the indicated due date.

You have the right to file an exception to the determination of penalty. The procedures for filing such an exception are contained in section 580.6 of Regulations Part 580. The exception should be in writing, typed or legibly written, and should specify the issues stated in the notice with which you take exception and the reasons why you believe this determination is in error. This exception must be filed within 15 days from the receipt of this assessment letter. It must be filed with the official who issued the determination at the Wage and Hour Division address indicated above. **If an exception is not filed within the required 15 days, the above determination shall become the final and unappealable Order of the Secretary of Labor.** *Due to the delayed delivery of mail in certain areas, you may wish to transmit your exception to the Hawaii Area Office via Fax at 808-541-2956 to ensure timely receipt.*

We would like to call to your attention that when an exception is filed, the matter is referred to the Chief Administrative Law Judge in Washington, D.C. A formal hearing is then scheduled for a final determination with respect to the alleged violation(s) and the appropriateness of the penalty assessed. At such hearing you may, by yourself or through an attorney retained by you, present such witnesses, introduce such evidence and establish such facts as you believe will support your exception.

Enclosed for your information are copies of Title 29 CFR Part 578 and Title 29 CFR Part 580. If you have any questions, please let me know.

Finally, we wish to point out that there may be a question as to the deductibility of civil money penalties paid as a business expense under the Internal Revenue Code. In this regard, you may wish to contact the Internal Revenue Service.

Sincerely,

Terence J. Trotter
Assistant District Director


Enclosures: Title 29 CFR Part 578 and Title 29 CFR Part 580


CC: John Glyder, District Director

# Exception to Penalty Determination

Dated September 18, 2007

3 pages

## LAW OFFICE OF G. ANTHONY LONG
P. O. Box 504970
San Jose, Saipan, MP 96950
Telephone: 670.235.4802 / Fax: 670.235.4801

G. Anthony Long
gal@nmilaw.com

Kelley M. Butcher
kmb@nmilaw.com

September 18, 2007

**VIA FAX AND EXPRESS MAIL**
**FAX NO. 808.541.2956**

Terance J. Trotter
Assistant District Director
Employment Standards Administration
Wage & Hour Division
300 Ala Moana Blvd.
Room 7-225
Honolulu, Hawaii 96850

Re: Assessment of Civil Penalty Against Hong Kong Entertainment (Overseas) Investments, Ltd., dba Tinian Dynasty Hotel and Casino and Raymond Chan, individually

Dear Terence Trotter:

I represent Hong Kong Entertainment (Overseas) Investments, Ltd., dba Tinian Dynasty Hotel and Casino ("Tinian Dynasty") and Raymond Chan, individually, in connection with assessment of the $191,400.00 civil penalty, notice of which was received on September 7, 2007. HKE and Mr. Chan each request a hearing on the assessment.

Tinian Dynasty and Mr. Chan each protest the assessment as it appears that the 2002 consent judgment involving Tinian Dynasty concerned a violation of Section 15 of the Act and not Sections 6 or 7. This means the current assessment is not a repeat violation as defined by 29 CFR Section 578.3. The civil penalty assessment is not sustainable, therefore, on the basis that it constitutes a repeat violation. In any event, the amount of the civil penalty is not only grossly disproportionate to the violation, but it constitutes an abuse of discretion. Indeed, the notice fails to indicate how it was determined that $191,400.00, as opposed to a lesser sum, is a reasonable penalty. Moreover, based on Investigator Richard L. Hamilton's June 29, 2007 written note to Raymond Chan, a copy of which is attached hereto, HKE decided to accept, as opposed to challenging, Mr. Hamilton's determination. The size of the civil penalty assessed under this circumstance is neither reasonable nor in compliance with the spirit and intent of Mr. Hamilton's

June 29, 2007 communication upon which Tinian Dynasty relied in deciding to agree with the back wage summary.

The assessment against Mr. Chan is totally inappropriate as Mr. Chan lacks the decision making authority regarding issuing of payment of wages. He can only issue the checks for which he is authorized to do so by his superiors. Also, Mr. Chan was not a party to the 2002 consent judgment involving Tinian Dynasty. Thus, assessing him a penalty based on the existence of a prior consent judgment or a purported repeat violation involving Tinian Dynasty is not proper.

Please direct all future correspondence regarding this mater to my attention.

Regards,

*G. Anthony Long*

G. Anthony Long

cc: Raymond Chan

MR. RAYMOND CHAN:

As per our discussion, I will have to turn my case in by Tuesday, July 3, so I will need your answer no later than Monday, July 2. If your firm does not sign the Back Wage Summary and the compliance agreement by that date, I can only assume that you are refusing to pay and I will have to turn the case in as a refusal to pay. If you do intend to pay the Back wages in full by the date given then I strongly urge you to inform us of that intention by signing the agreements. I do not assess civil money penalties in this office. I can only pass along the facts and my recommendations. It would be impossible to provide a good recommendation in a refusal to pay case. If your company has any hope of reducing the penalties at all, than failing to sign the agreements that state that you do commit to future compliance and the payment of all Back wages would destroy that hope. There would be I think no chance of reducing the penalties if you refuse to pay and in fact the penalties could be greatly increased. It is vitally important that we feel that the company has a genuine commitment to future compliance and the payment of all outstanding Back wages.

Thank You

Richard L Hamilton
Investigator

US Department of Labor

06/29/2007

## PROOF OF SERVICE

I am a citizen of the United States of America and am over eighteen years of age. I am not a party to the within action; my business address is 90 7th Street, Suite 3-700, San Francisco, California 94103. On January 26, 2010, I served the within **ORDER OF REFERENCE** in this action upon Respondent by placing a true copy thereof in a sealed government envelope mailed in San Francisco, California, addressed to:

G. Anthony Long
Law Office of G. Anthony Long
Beach Road
P.O. Box 504970
Saipan, MP 96950

I certify that under penalty of perjury that the above is true and correct. Executed on January 26, 2010.

*Stephanie Stacey*
STEPHANIE STACEY
Legal Assistant

OFFICE OF THE SOLICITOR
UNITED STATES DEPARTMENT OF LABOR

AR 00012